15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ruben B. BOTELLO, Plaintiff-Appellant,
v.
The COUNTY OF HUMBOLDT, Defendant-Appellee.
 No. 93-15594.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 6, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruben Botello appeals pro se the district court's dismissal with prejudice of his complaint against the County of Humboldt alleging violations of 42 U.S.C. Secs. 1981, 1983, 1985, 1986, and 2000d, arising from a child custody dispute. Botello also appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal with prejudice of Botello's amended complaint. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Botello filed a complaint against the County of Humboldt alleging the County of Humboldt conspired with unnamed defendants to violate his civil rights. The allegations arose from an underlying state court child custody action. The County of Humboldt moved to dismiss the complaint. Botello opposed the motion and filed an amended complaint.
 
 
 4
 Botello's amended complaint named as additional defendants the County of Sonoma, the State of California, and several state and county officials and employees. The amended complaint elaborated on Botello's original complaint and alleged violations of constitutional rights by the family court mediator, violations of state law concerning Botello's candidacy for public office, and a cover-up conspiracy in connection with a crime. It also alleged that Judge Buffington sent a defamatory letter to Botello's employer.
 
 
 5
 The district court dismissed the original complaint on the ground that Botello failed to state a claim upon which relief may be granted. Alternatively, the district court dismissed on the grounds that a child custody dispute was a state court matter and that Botello could not seek review in the district court. The district court dismissed Botello's amended complaint under 28 U.S.C. Sec. 1915(d).
 
 
 6
 * Complaint
 
 
 7
 In reviewing a district court decision, we may affirm on any ground finding support in the record. Salmeron v. United States, 724 F.2d 1357, 1364 (9th Cir.1983). See also McNair, 805 F.2d at 893 n. 4 & 5. A federal district court, as a court of original jurisdiction, does not have authority to review the final determinations of a state court in judicial proceedings. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986). This doctrine applies even when the challenge to the state court decision involves alleged deprivations of due process and equal protection. Feldman, 460 U.S. at 484-86. The federal action is an impermissible appeal from the state court decision if the constitutional claims presented to the district court are "inextricably intertwined" with the state court judgment such that the district court could not evaluate the plaintiff's constitutional claims without conducting a review of the state court's determinations. Id. at 486-87.
 
 
 8
 Here, Botello alleged various wrongs were committed in connection with state court child custody proceedings and enforcement of state court orders. Botello requested that the district court award him custody of his youngest son[1] and stay the proceedings of the Humboldt County Superior Court and the California Court of Appeals.
 
 
 9
 Botello's claims are "inextricably intertwined" with the state court's proceedings. Thus, the district court was without jurisdiction to review Botello's claims. See id. Accordingly, the district court properly dismissed Botello's complaint.
 
 II
 Amended Complaint
 
 10
 We review for abuse of discretion a district court's dismissal pursuant to 28 U.S.C. Sec. 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 11
 Section 1915(d) authorizes a district court to dismiss sua sponte prior to service a frivolous action filed in forma pauperis. 28 U.S.C. Sec. 1915(d). An action is frivolous if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 324 (1989). A district court must give a pro se plaintiff an opportunity to amend prior to dismissing unless it is clear that amendment would be futile. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1989).
 
 
 12
 Here, the district court properly found that Botello's amended complaint was frivolous because either the named defendants were immune or the claims alleged were not cognizable federal claims. Furthermore, we agree with the district court that further amendment of the complaint would have been futile. See id. Accordingly, the district court did not abuse its discretion by dismissing Botello's amended complaint under section 1915(d). See Denton, 112 S.Ct. at 1734.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The state court had awarded custody of Botello's youngest son to the child's mother
 
 
 [2]
 To the extent that Botello attempts to appeal issues he did not present to the district court, we decline to review such issues. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991) (issues not presented to district court generally cannot be raised for first time on appeal)